ANSTEAD, Judge,
dissenting.
I dissent from that portion of our decision which approves the trial court’s conclusion that appellant’s trial counsel was not demonstrated to have been ineffective for failing to call, over the objection of appellant himself, three witnesses who could directly refute the testimony of the prosecuting witness in virtually every respect, one of the witnesses having already sworn that the complaining witness had conceded in writing and orally that her charges against appellant were false.
The appellant was tried and convicted in a bench trial. The complaining witness’ testimony was substantially impeached by a prior sworn deposition given before trial. The complainant claimed that the intimidating presence of the appellant at the deposition had caused her to retract most of the incriminating allegations she had originally made in bringing the charges. Of course, at trial, she repeated her initial allegations. Surely the primary function of counsel is to identify available defenses and to muster evidence in support of those defenses. Defense counsel should have called these witnesses and appellant’s defense was substantially undermined by the failure to do so. While the complainant was successful in convincing the trier of fact to accept her explanation as to the conflicts between her deposition and her trial testimony, it is clear that her out of court admissions to friends would not have been as easily explained. I don’t see how a clearer case could be established under the holding in *755 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).